NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11655

COMMONWEALTH  vs.  DEVIN R. READE.

November 17, 2014.

Supreme Judicial Court, Superintendence of inferior courts.  Notice, Timeliness.  Practice, Criminal, Interlocutory appeal, Assistance of counsel.


The petitioner, Devin R. Reade, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  In his petition, Reade sought relief from a District Court judge's decision not to appoint counsel for him in an underlying criminal case in which he is charged with two misdemeanors.  See G. L. c. 211D, § 2B.

This appeal is governed by S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Rule 2:21 (1) requires that any notice of appeal be filed with the clerk of the county court within seven days of the entry of the single justice judgment, unless the court otherwise permits.  The judgment in this case was entered on December 23, 2013, but the notice of appeal was not filed until March 18, 2014, eighty-five days later.  Because the appeal is clearly untimely, we shall dismiss it.

Even if we were to consider his claims on the merits, Reade would not be entitled to relief.  The District Court judge's decision not to appoint counsel was an interlocutory determination that can adequately be reviewed in a direct appeal in the event Reade is convicted.  "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process . . . ."  Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).  The single justice did not err or

abuse her discretion in concluding that extraordinary superintendence relief under G. L. c. 211, § 3, was not necessary.[1]

Appeal dismissed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Devin R. Reade, pro se.

Cynthia M. Von Flatern, Assistant District Attorney, for the Commonwealth.

---

[1] General Laws c. 211D, § 2B, provides that "[a] person charged with a misdemeanor . . . shall not be appointed counsel if the judge, at arraignment, informs such person on the record that, if the person is convicted of such offense, the person's sentence shall not include any period of incarceration." Here, counsel was initially appointed for Devin R. Reade. Counsel subsequently moved to withdraw, which the judge allowed, and Reade sought the appointment of new counsel to replace him. It was at that point that the judge declined to appoint counsel and indicated that, if Reade were convicted, he would not face any period of incarceration. It is difficult to imagine how Reade could have been prejudiced by the judge's failure to make that determination initially, at the arraignment, but we need not resolve that question now. Any such claim can be made and decided in a direct appeal.